## C. H. Sigmund v. The Newspaper Company.

1.   LEASE—*Covenants to Repair and Pay Rent, Mutual.*—A covenant of a landlord in a lease to repair and decorate, and a covenant of a tenant to pay rent, are mutual and dependent covenants.

2.   SAME—*Covenants to Repair Within the Statute of Frauds.*—A covenant by the landlord to repair and decorate is within the statute of frauds as completely as a covenant of the tenant to pay rent.

3.   SAME—*Execution by a Corporation.*—A lease executed by a corporation as follows—

                    "THE NEWSPAPER CO.,              [SEAL.]
                    per HARRISON BROS., Agents.      [SEAL.]"
is not admissible in evidence without proof showing that the agents were authorized to thus sign the name of the corporation.

4.   STATUTE OF FRAUDS—*Lease to be Signed by the Person to be Bound.*—Under the statute of frauds and perjuries (R. S., Ch. 59, Sec. 2), no action can be brought to charge any person upon any contract not to be performed within a year from the time it is made, unless such contract or some memorandum or note thereof is in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing.

5.   SAME—*Part Performance in a Court of Law.*—Part performance does not, in a court of law, take the case out of the operation of the statute of frauds.

6. Covenants—*When Mutual and Dependent.*—A covenant in a lease by the lessor to repair and decorate, and a covenant of a tenant to pay rent are mutual and dependent covenants, and a lease containing such covenants which is binding upon one only of the parties, is wanting in the necessary requisites of mutuality.

7. Tenancy—*From Month to Month—Termination of.*—A person occupying premises under a lease, lacking the necessary requisites of mutuality, is a tenant from month to month, and may legally terminate the tenancy at the end of any month. He is liable only for the rent for the time he occupies the premises at the rate fixed in the lease.

8. Agents—*Authority to Execute Deeds.*—An authority to execute a deed or instrument under seal must be conferred by an instrument under seal.

**Action for Rent,** on a sealed lease. Trial in the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Finding and judgment for plaintiff; appeal by defendants. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

**Statement of the Case.**—December 6, 1897, the "Narr. and cognovit" in this case were filed in the Circuit Court. The same day a judgment by confession was entered. The suit is to recover a sum claimed to be due from appellant for rent. Attached to the declaration is what purports to be a copy of the lease sued upon, which contains a power of attorney to appear in court and confess judgment for any rent due by the terms thereof.

December 17, 1897, an order was entered opening the judgment by confession so as to allow the appellant to plead, but the judgment to stand as security, and execution thereon was stayed. The same day it was stipulated by the parties that the cause should be heard December 27th, without a jury. December 20th, appellant filed his several pleas. December 27th appellee filed a similiter to the plea of general issue, and a demurrer to each of the other pleas. The same day the court sustained all of said demurrers, and overruled motion by appellant for leave to file additional pleas. Appellant then moved that the trial of said cause be continued to permit the taking of testimony of two absent witnesses. That motion was denied, and the cause then tried. The finding and judgment of the court was against appellant for the sum of $3,945.63, being the same amount

as the judgment by confession. Afterward appellee remitted the sum of $115, and the judgment was, by order of court, reduced to $3,830.63.

The lease sued upon is under seal, is signed by appellant, and the signature of the lessor is " The Newspaper Co., per Harrison Bros., agents."

Appellant entered into possession of the premises, retained the same about two months, paid the rent for the time he continued in possession, vacated the premises, and delivered the key to an agent for appellee, and contends that he vacated the premises and surrendered possession because appellee neglected and refused to repair and decorate the premises as stipulated and agreed in said lease.

M. SALOMON, attorney for appellant.

The lease offered in evidence is a sealed instrument purporting on its face to have been executed by an agent of the plaintiff under seal. Said alleged agents had no authority under seal to execute said lease. Said lease, therefore, was not entered into by the Newspaper Company and should have been excluded by the court. Vol. 1, 2d Ed., Am. & Eng. Ency. of Law, p. 952; Maus v. Worthing, 4 Ill. 26; Watson v Sherman, 84 Ill. 263; Vol. 1, Am. & Eng. Ency. of Law, 337; Vol. XII, Am. & Eng. Ency. of Law, 987; Taylor's Landlord & Tenant, 107; Blood v. Goodrich, 9 Wend. 68; Shuelze v. Bailey, 40 Mo. 69; Wood's Landlord & Tenant, 283; Kidd on Corporations, p. 270; Humphreys v. Browne, 19 La. Ann. 158; Beidler v. Fish, 14 Ill. App. 29; Humphreys v. Browne, 19 La. Ann. 158.

The tenancy was therefore at will, or at most from month to month. Blake v. Kurrin, 41 Ill. App. 562; Jennings v. McComb, 112 Pa. 518; Creighton v. Sanders, 89 Ill. 543; Donohue v. Chi. Bk. Note Co., 37 Ill. App. 552.

A lease is a conveyance of an interest in land, and under the statute of frauds where it is made for a longer term than one year, it must be in writing and signed either by the party, or if signed by his or its agent the authority of his or its agent must also be in writing. Sec. 2, Chap. 59, Rev. St.; Blake v. Kurrus, 41 Ill. App. 562; Hughes v.

Carne, 135 Ill. 519; Edwards v. Tyler, 141 Ill. 454; Kozel v. Dearlove, 144 Ill. 23.

Samuel A. Wight and Wight & Humphrey, attorneys for appellee, contended that a tenant who has enjoyed use of premises is estopped to deny landlord's power to make lease. So if landlord is corporation, tenant can not allege that lease is *ultra vires*. Coppinger v. Armstrong, 8 Ill. App. 210.

A tenant can not deny the title of his landlord. Grundies v. Kelso, 41 Ill. App. 200.

The writing need not be signed, if mutual, by a party other than the party to be charged. Farewell v. Lowther, 18 Ill. 252.

It is not necessary that the agent of a corporation should be authorized under seal in order to bind corporation, but the acceptance of rent would be ratification of lease by the corporation. Oregonian R. Company v. Oregon R. & Nav. Company, 26 Fed. Rep. 505.

An agent acting for the corporation in affixing a seal to an instrument is no longer as, at common law, required to have a power under seal. American & English Enc., Vol. 4, p. 243.

Tenant may recoup damages for breach of covenant to repair, in actions for rent, or may refuse to enter for breach of covenant to repair, before beginning of term, but can not enter and refuse to pay rent on account of such breach. Reno v. Mendenhall, 58 Ill. App. 87.

And can not abandon premises for failure to repair. Wright v. Lattin, 38 Ill. 293.

Mr. Justice Horton delivered the opinion of the court.

The declaration in this case contains but one count, and that is special upon the written lease thereto attached. It is for the demise of Store No. 86 Fifth avenue, Chicago. Among other things it is provided in said lease as follows:

"It is agreed that the party of the first part (appellee) shall divide the two stores eighty-four (84) and eighty-six

(86) Fifth avenue, by a suitable partition, and will repair and decorate the interior of said store number eighty-six (86) Fifth avenue." Said lease is a sealed instrument, and is signed and sealed by appellant. The other signature and seals are as follows, viz.:

" THE NEWSPAPER CO.,            [SEAL.]
        per HARRISON BROS., agents.    [SEAL.]"

The lease was for the term of three years, and the term was not to commence at the time the lease was made, but some twenty days thereafter. Appellant testified that the last he heard about the store was in October, 1894, more than three years prior to the time this judgment was entered. The judgment was entered by confession, under a power of attorney contained in said lease, and without notice to appellant, who promptly moved to set the judgment aside. One of the pleas which he was permitted to file, set up lack of mutuality because appellee was not bound by said lease. Appellee's demurrer to such plea was sustained, and properly so, as to that question, because the declaration averred that appellant occupied said store during the entire term of said lease.

When the lease was offered in evidence on behalf of appellee, its admission was objected to because it was not shown that there was any authority to sign it, and because it was void under the statute of frauds. In the propositions of law submitted to the trial court, the same questions were presented, and afterward preserved in the motion for a new trial and in the assignment of errors.

The covenants in the lease are mutual and interdependent. It contained the covenant above quoted as to repairs and interior decorations to be done and made by appellee. The evidence tends to show that that covenant was not kept by or on the part of appellee. The lease, as shown, purports to be under seal, and to be executed by a corporation (appellee), by a firm as agents. There is no evidence to establish the liability of appellee to perform the covenants of said lease. The lease lacks the necessary element of mutuality.

The testimony does not show any ratification of the

lease, as a covenant obligation, by appellee.  Any ratifica-
tion must be in writing.   Ingraham v. Edwards, 64 Ill. 526.

There is no claim made that it was so ratified.

There is no statement or recitation in the lease, nor is
there any averment in the declaration that Harrison Bros.
were the agents of appellee, or that they had any authority
to execute said lease.   Neither is there any testimony show-
ing such authority.   There is nothing in this case upon
which such authority can be claimed, except the signature
in the form quoted.   That is not sufficient when objected
to in apt time, and when it is not in any manner waived.

It is provided by the statute on frauds and perjuries (Ch.
59, Sec. 2), that "no action shall be brought to charge any
person upon any contract   *   *   *   (such as the lease in
question), unless such contract or some memorandum or note
thereof shall be in writing and signed by the party to be
charged therewith, or some other person thereunto by him
lawfully authorized in writing, signed by such party."

It is not contended on the part of appellee that there
was any such authority, in writing, as required by this
statute.   Appellee is to be charged by the lease as to its
covenants to repair and decorate, the same as appellant is
to be charged thereby as to his covenants to pay rent.   It
is not necessary to determine whether this lease would be
binding upon appellant in case there was no covenant to be
kept on the part of appellee, in consideration of which, in
whole or in part, appellant was to pay rent.   This lease,
under the facts and circumstances here presented, is wanting
in the necessary requisite of mutuality.

The covenant in the lease to repair and decorate, and the
covenant of appellant to pay rent, are mutual and depend-
ent.   Lunn v. Gage, 37 Ill. 20, 28.

The covenant to repair and decorate is within the statute
of frauds as completely as is the covenant of appellant to
pay rent.   O'Leary v. Delaney, 63 Me. 584.

Appellant was liable for the rent for all the time he oc-
cupied the premises at the rate fixed in the lease.   But that
he has paid in full.   This leasing was, in a court of law, a

tenancy from month to month. Blake v. Kurrus, 41 Ill. App. 562; Creighton v. Sanders, 89 Ill. 543.

Appellant might legally terminate the tenancy at the end of any month. (Donohue et al. v. Chicago Bank Note Co., 37 Ill. App. 552.) He did so at the end of the second month. Part performance does not, in a court of law, take the case out of the operation of the statute. Chicago Attchmt. Co. v. Davis S. M. Co., 142 Ill. 171.

There are numerous points urged in the briefs and arguments which we do not deem it necessary to discuss. The declaration avers that appellant occupied said store for the full term named in said lease. There is no present claim that this is correct. The evidence is undisputed and conclusive, that appellant occupied said store but two months, and that he paid the rent in full therefor. Appellee must, then, recover in this case, if at all, simply and only upon the covenant of appellant in the lease, to pay rent. This, as we have endeavored to show, it can not do.

The judgment of the Circuit Court will be reversed, and the cause remanded.

Reversed and remanded.

MR. JUSTICE SHEPARD.

I concur that the judgment must be reversed and the cause remanded, but not upon the grounds or for the reason stated in the majority opinion.

The judgment without a declaration to support it can not stand. Tucker v. Gill, 61 Ill. 236.

If a declaration were ever filed in the case, the abstract does not show, it or refer to where in the record it may be found, and the rule is uniform, and has been many times announced, that an appellate tribunal will not hunt through a record to find something that the abstract does not refer to.