## PAGE v. COHEN.

(Supreme Court, Appellate Term, Second Department.   April· 3, 1913.)

1. FRAUDS, STATUTE OF (§ 103*)—MEMORANDUM OF CONTRACT—SUFFICIENCY.
Where a physician's election as a lodge physician for one year wɪ┄ duly recorded by the lodge in its proceedings, such record took the case out of the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 192-198, 200–208;  Dec. Dig. § 103.*]

2. PHYSICIANS AND SURGEONS (§ 24*)—ACTIONS FOR COMPENSATION—EVIDENCE
Where a physician, elected by. a lodge as its lodge physician, and wrongfully removed during his term of employment, and who was ready and willing to perform his duties, brought suit after the expiration of the period for which he was elected, he was entitled to recover the contract price of 25 cents a member, whether his action was one for wages or for breach of the contract; and hence evidence of his readiness and willingness to perform, and of the number of members, on which his compensation was based, was improperly excluded.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 53–62;  Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Emmet D. Page against Paul Cohen, as Treasurer of Court Long Island, No. 34, Foresters of America. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial ordered.

Argued March term, 1913, before GARRETSON, BLACKMAR and KAPPER, JJ.

Emmett D. Page, of Brooklyn, for appellant.

Mann & Buxbaum, of Brooklyn (Henry Schoenherr, of Brooklyn, of counsel), for respondent.

PER CURIAM.   [1] The defendant conceded that the plaintiff was duly elected at the election of March 27, 1907, lodge physician

for the period of one year. This election constituted an employment, which was duly recorded by defendant in its lodge proceedings, and this record took the case out of the statute of frauds.

[2] The form of the action was settled on the former appeal, determined by this court in 76 Misc. Rep. 567, 137 N. Y. Supp. 116. Mr. Justice Jaycox, writing for the court, said:

"His (plaintiff's) removal is null and void; therefore, he was court physician during all his term of employment. He was ready and willing to perform his duties as such."

We think that an irrelevant issue was unduly forced upon the plaintiff, who protested over and over again that he stood upon his contract, which, as we read it, entitled him to 25 cents per member of the defendant lodge for the last quarter of the year, the period now in suit. Whether treated as an action for wages or for breach of contract, the plaintiff on the case made was entitled to recover. There was no necessity for demanding that plaintiff elect on which ground he expected to recover. The period of his service having passed, and his compensation having been fixed by special contract, nothing remained to be ascertained except the number of members, on which his compensation was based, and his readiness and willingness to perform, his evidence of which was erroneously excluded.

All of the separate defenses have been disposed of on the former appeal, except that the plaintiff had assigned his claim. This, if true, would defeat him.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.