ADOLPH SPEAR & COMPANY, PLAINTIFF-RESPONDENT, v. EMPIRE LACE AND EMBROIDERY COMPANY, DEFENDANT-APPELLANT.

Submitted June 1, 1915—Decided September 22, 1915.

When a written lease is not signed by the lessor, an action based on the covenants to recover rent cannot be maintained. The lease is void for want of mutuality.

On appeal from the First Judicial District Court of Hudson county.

Before Justices GARRISON, TRENCHARD and BLACK.

For the respondent, *John N. Platoff.*

For the appellant, *Dippel & Davis.*

The opinion of the court was delivered by

BLACK, J.   There is but a single question in this case to be decided, viz., whether an action can be maintained on the covenants in a written lease to pay rent, the lease not having been signed by the lessor and the lessee not having entered into possession. The execution of the lease by the lessee was proved by the subscribing witness. The lease was then admitted in evidence. When the plaintiff rested its case, and also at the close of the case, a motion was made for a nonsuit and judgment for the defendant, on the ground that the suit was on the covenants in the lease, but the paper put in evidence showed that it was not signed by the plaintiff, the lessor. The testimony also disclosed the fact that the defendant had never entered into possession of the premises intended to be leased. The motions were overruled by the court and judgment for three months' rent, amounting to $150, was given in favor of the plaintiff. The propriety of these rulings by the trial court is brought under review by this appeal, and they present the only legal question involved.

A lease, like all written contracts or agreements, should be signed by both parties thereto, otherwise such a paper may not operate as a valid lease, for want of mutuality. 24 *Cyc.* 902; 1 *Tayl. Land. & T.* (*9th ed.*) 52; *Woodf. Land. & T.* 218; *Sigmund* v. *Newspaper Co.,* 82 *Ill. App.* 178; *Clemens* v. *Broomfield,* 19 *Mo.* 118–121.

The rule is succinctly stated thus: A lease must be signed by the lessor, for he stands in the position of a grantor who is conveying an estate. An indenture of lease in which the lessee binds himself to pay for a certain term does not create any leasehold estate till it has become properly executed by the lessor. Until the lessor signs the indenture it creates no estate or interest in the land and imposes no obligation upon either of the parties. *Jones Land. & T.,* § 75. So, it has been declared to be a well established rule that a lease must be signed by the lessor to be evidence of a demise.

The lease being void, or having no existence until signed by the lessor, it follows therefore that no action can be maintained on such a paper not signed by the lessor. So, the English courts have held, that an action of covenant on a lease not signed by the lessor and executed by the defendant cannot be sustained. *Cardwell* v. *Lucas,* 2 *M. & W.* 111; *Wilson* v. *Woolfryes,* 2 *M. & S.* 341; *Sigmund* v. *Newspaper Co., supra.*

So, it has been held, that a paper purporting to be a deed of lease of a married woman, but not signed by her or her husband, or any one for her, but signed by the lessees, is not evidence of a demise. *Hyatt* v. *Third Baptist Church,* 10 *Mo. App.* 582. Without the signature of the lessor such a lease is void. *Laughran* v. *Smith,* 75 *N. Y.* 205; *Jewett* v. *Greisheimer,* 100 *N. Y. App. Div.* 210.

Our conclusion is, therefore, that the motions made by the defendant's attorney should have been granted by the trial court. There was error committed by the trial court in refusing the motions and giving judgment for the plaintiff; hence the judgment of the District Court is reversed and a new trial awarded.