## JOSEPH H. DAVIS BLDG. CO. v. SCHOENFELD.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

FRAUDS, STATUTE OF ☞116(5)—WRITTEN AUTHORITY OF AGENT—LEASE.

A written lease which, by its terms, was to be renewed for one year from the expiration of the term, unless either party notified the other of an intention to surrender or have possession of the premises at its expiration, if a lease for more than one year, was not violative of Real Property Law (Consol. Laws, c. 50) § 242, requiring the authority of an agent to execute such a lease to be in writing, because signed by a third person as agent for the lessor corporation, where the lessor put in evidence a letter written by such third person to the lessor offering to do the renting of its buildings, and a resolve from its minutes that such offer be accepted.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 255, 256, 260; Dec. Dig. ☞116(5).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Joseph H. Davis Building Company against Herman Schoenfeld. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Maguire & Martin, of New York City (Arthur J. Martin, of New York City, of counsel), for appellant.

Robert M. McCormick, of New York City (Harry A. Redmond, of New York City, of counsel), for respondent.

GUY, J. The suit is on an alleged written lease for one year from October 1, 1914, made and executed by plaintiff to defendant. By the terms of the instrument the letting was to be deemed to be extended and renewed "by and against the parties hereto for the further term of one year from the expiration of the term granted hereby," unless either party, on or before the 1st of June next preceding the expiration of the term, gave notice to the other "of an intention to surrender or have possession of the premises as the case may be on the 1st day of the following October."

It appears that the lease was signed by Edmund L. Goodman, in the name of plaintiff, by Braisted, Goodman & Hirshfield, and that Braisted, Goodman & Hirshfield was a copartnership of which Goodman was a member. On defendant's objection upon the ground that Goodman had no authority to sign the lease, the court refused to admit the paper in evidence. Plaintiff then introduced in evidence a letter, dated June 6, 1912, written by the copartnership to the plaintiff, offering to do the renting of the plaintiff's buildings and exercise general control over them, together with what purports to be an extract from the minutes of a meeting of the board of directors of the plaintiff corporation, at which it was "resolved that the offer contained in said letter be accepted, and that Messrs. Braisted, Goodman & Hirshfield be requested to proceed to carry out the terms thereof." Plaintiff renewed the offer of the lease in evidence, but it was again excluded on defendant's objection, whereupon the plaintiff rested, and the complaint was dismissed.

Assuming, as the parties have in the court below and on this appeal, that the alleged lease was for a term of more than one year, so as to require that the authority of the agents to execute it be in writing (Real Property Law, § 242), the authority is sufficiently shown by the letter and the minutes of the directors' meeting (Page v. Cohen, 80 Misc. Rep. 237, 140 N. Y. Supp. 935; McManus v. Boston, 171 Mass. 152, 50 N. E. 607), in the absence of any objection that the minutes of the meeting of the board do not in terms authorize the letting in suit.

Under the circumstances it was error to exclude the lease from evidence, and the judgment must be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.