# Stewart's Estate.

*Equity—Specific performance—Laches—Change of conditions.*

1. If a party seeking to enforce specifically a contract to sell him land, has been guilty of gross laches, or has been inexcusably negligent in performing the contract on his part, or if, in the intermediate period, there has arisen a material change of circumstances affecting the rights, interests and obligations of the parties, a court of equity will refuse a decree.

2. The rule is held with more strictness against a party out of possession.

3. A vendee of coal out of possession who has for eleven years delayed making any payment on account of the purchase money,

cannot, after the vendor has died and after the coal has increased materially in value, specifically enforce the contract.

Argued September 24, 1923. Appeal, No. 26, Oct. T., 1923, by A. B. Coleman, from decree of O. C. Clarion Co., Feb. T., 1919, No. 32, dismissing petition for specific performance, in Estate of Amos Stewart, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for specific performance. Before SLOAN, P. J. The opinion of the Supreme Court states the facts.

Decree for specific performance refused. A. B. Coleman appealed.

*Error assigned* was decree, quoting it.

F. J. Maffett, with him S. K. Clarke and H. M. Rimer, for appellant, cited: Boyd v. McCullough, 137 Pa. 7; Remington v. Irwin, 14 Pa. 143.

A. A. Geary, with him H. E. Rugh and Don C. Corbett, for appellee, cited: Ruff's App., 117 Pa. 310; Russell v. Baughman, 94 Pa. 400; Miller v. Henlan, 51 Pa. 265; Dwyer v. Wright, 162 Pa. 405; Rennyson v. Rozell, 106 Pa. 407; Porter v. Dougherty, 25 Pa. 405; Patterson v. Martz, 8 Watts 374.

PER CURIAM, January 7, 1924:

This is an appeal from an order of the orphans' court denying a petition for specific performance of a contract, and dismissing exceptions to rulings on requests for findings of law and fact.

October 1, 1904, A. B. Coleman, the petitioner, entered into a contract with Amos Stewart and wife, whereby they covenanted to convey to him, for an agreed price, a certain tract of coal, together with mining rights and privileges, the purchase money to be paid or secured by

October 1, 1905. Until October, 1908, Coleman periodically made advance payments of interest on the whole purchase price, and thus procured an extension of the time for payment; but from the latter date until the filing of the present bill, in March, 1919, nothing was done by either of the parties. During this eleven-year interval, according to the findings of the chancellor, the value of the coal under the premises involved rose from $18 to $45 per acre, and in 1916, while the petitioner slept on his rights, Amos Stewart died, leaving a will in which he devised the property to his son, G. G. Stewart. The chancellor found that the testator, for some years prior to his death, believed and repeatedly declared the agreement here sought to be enforced was no longer extant, and that he was the absolute owner of the coal.

The court below denied equitable relief, on the ground that the vendee was guilty of gross laches and had completely abandoned all rights under the agreement long before the presentation of his petition, which the chancellor thought was inspired by the sudden rise in value of the lands for which he asked a conveyance.

After examining the numerous matters complained of, we are not convinced of any reversible error. The language used by us in McGrew v. Foster, 113 Pa. 642, 649, 650, is applicable to this case. There it was said: "A vendee......cannot experiment with his purchase; he will not be allowed to pursue a course of conduct calculated to mislead the vendor into the belief that the contract is abandoned, and, when the development of the resources of the country makes it his interest, to demand performance. Lapse of time, change of circumstances, and indifference on the part of a vendee of land, are circumstances to induce a chancellor to refuse a decree of specific performance: Patterson v. Martz, 8 Watts 374. 'If a party seeking execution has been guilty of gross laches, or has been inexcusably negligent in performing the contract on his part, or if, in the intermediate period, there has arisen a material change of circumstances af-

fecting the rights, interests and obligations of the parties, a court of equity will refuse to decree a specific performance.' This rule is held with more strictness against a party out of possession: Russell v. Baughman, 94 Pa. 400."

The assignments are overruled, and the decree is affirmed, at cost of appellant.