Rosenblum v. New York Central Railroad Company et al., Trustees, Appellants.

Argued November 12, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*T. C. Cochran,* with him *Osmer & Osmer,* for appellants.

*Martin E. Cusick,* with him *Service, McNeal & Cusick,* for appellee.

OPINION BY ARNOLD, J., March 8, 1948:

Defendants appeal from a decree requiring them to specifically perform a contract for the sale of land, the naked title of which was in the Savings & Trust Company of Indiana, Pa., the New York Central Railroad Company being the actual owner.

The written contract was a series of letters passing between the plaintiff and C. A. Dobbins, "Assistant General Land Agent" of the railroad company, and written upon its letterhead.

The appellants concede that these letters established a contract under which the railroad company promised to convey the real estate, but deny that performance can be specifically decreed because of our Statute of Frauds, reading in part (33 PS §1) : ". . . that no . . . estates . . . of freehold . . . in . . . any . . . lands . . . shall . . . [after 1772] be . . . granted . . ., unless . . . by deed . . . in writing, signed by the party . . . granting . . . the same, *or their agents, thereto lawfully authorized by writing,* or by act and operation of law." (Emphasis supplied).

At trial there was a total absence of proof that C. A. Dobbins, Assistant General Land Agent, had any written authorization from his employer, the railroad company. The court held that since a corporation can only act through agents, and since Dobbins was an agent acting in the scope of his authority, proof of his authorization was not necessary.

Our Statute of Frauds makes no such exception, and we apprehend that the courts have no power to add, as a proviso, the words "except as to corporations."

The question of the necessity of written authorization to the regular employe of a corporation, in order to satisfy the Statute of Frauds as to a corporation's contract, has apparently not been passed upon by our courts, except in *Henry v. Black,* 210 Pa. 245, 59 A. 1070. It was held there that no written authority need be shown where the agent was the treasurer of the corporation; but in that case the business of the corporation consisted of dealing in real estate and taking options, and reselling properties for a fee. Giving the fullest extent to the *Henry* case, written authority was not required to be shown as to written contracts in the name of the corporation executed by an *executive* officer of the corporation. The executive officers of a corporation are officers of the entity, and not officials merely of the business conducted by the corporation. "The rule under the statute of frauds that an agent to be authorized to convey an interest in land . . . must have written authority is held applicable to the agents of corporations [citing 1 A.L.R. 1134]. This view has been limited *to mere agents* of corporations, however, and has not been extended, as a general proposition, *to the officers* of corporations. As to them, the rule followed generally is that a statutory provision requiring authority to enter into a contract . . . which is required to be in writing, to be itself in writing, does not apply to the contracts and instruments executed by *executive officers* of a corporation." (Emphasis supplied) : 13 Am. Jur., Corporations, §894.

The question here involved is the subject of an annotation to the case of *H. M. McCartney et al. v. Clover Valley Land & Stock Company* (C.C.A.), 232 Fed. 697, 1 A.L.R. 1127, 1132. In the *McCartney* case there was a close corporation, and the person who made the contract for it was the treasurer and at the same time the chief executive officer and a director. The action was brought by a broker for commissions, and under the circumstances it was held that written authority was unneces-

sary. Courts of Alabama,[1] Illinois,[2] New York[3] and California[4] have extended the doctrine to regularly employed agents of corporations who were not officers. The Supreme Court of New Jersey in *Stammelman v. Interstate Company*, 166 A. 724, held that even executive officers were required to have written authority. In *Lindhorst v. St. Louis Protestant Orphan Asylum*, 132 S. W. 666 (Missouri), the court overruled the prior decision in *Donovan v. P. Schoenhofen Brewing Co.*, 92 Mo. App. 341, and declared that case to be unsound, holding that the written authority of the agent, even though an executive officer, must appear.

We think that any variation of the rule enunciated by our statute, insofar as corporations are concerned, must be confined to executive officers of the entity, and cannot be extended to officers of the business thereof. While corporations were not common in 1772, when our Statute of Frauds was enacted, yet they did exist, and "The Philadelphia Contributionship", for insurance of houses from loss by fire, was incorporated by the Legislature in 1768, 1 Sm. L. 279. The statute was added to in 1855 (33 PS §§3 and 4) and in 1881 (33 PS §5). At these times corporation organizations were common although accomplished by legislative action. Neither the Corporation Act of 1874 nor the Business Corporation Law of 1933 (15 PS §2852-1 et seq.) made any change in the requirements of the Statute of Frauds. It may be noted that by §305 of the Business Corporation Law (15 PS §2852-305) a contract signed by the president or vice president and secretary or assistant secretary or treasurer or assistant treasurer of a corporation, is properly executed by the corporation; and that the Legisla-

---

[1] *Thompson v. New South Coal Co.*, 34 So. 31.

[2] *Sigmund v. Newspaper Co.*, 82 Ill. App. 178.

[3] *Joseph H. Davis Bldg. Co. v. Schoenfeld*, 158 N.Y. Supp. 727.

[4] *Carrier v. Piggly Wiggly of San Francisco*, 53 P. (2d) 400, and *Frudden v. Peppers Fruit Co.*, 14 P. (2d) 874.

ture thus confined the power to obligate the corporation to the acts of the officers of the entity.

The provisions of our Statute of Frauds requiring the authority of the agent to be in writing, operates in the present case to bar the remedy of specific performance, for the agent who signed the contract for the railroad company was not an executive officer thereof, and no authority in writing was shown.

The decree of the court below is reversed and the bill dismissed. Costs to be paid by the appellee.