Lehner *v.* Montgomery et al., Appellants.

Argued November 18, 1955.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Ralph W. Peacock,* for appellants.

*W. E. Porter,* with him *Docktor & Porter,* for appellee.

OPINION BY ROSS, J., January 17, 1956:

These are appeals from a decree for specific performance entered on the plaintiff's motion for judgment on the pleadings.

On October 1, 1954, the plaintiff, John Lehner, Jr., filed a bill in equity seeking specific performance of a contract for the purchase of land of the defendants Montgomery, which they had subsequently conveyed to the defendants Johnston. The contract was purportedly entered into on February 11, 1952 by a real estate agency, one of whose partners sent a letter to plaintiff as a receipt for a down payment, and which he asserts as a memorandum of the completed contract. Defendants filed an answer denying that a contract was entered into, but admitting that certain preliminary arrangements were made by the real estate agents. They answered further that the conveyance to the Johnstons was made after plaintiff failed to complete the arrangements and "failed to comply with the verbal understanding concerning the transfer of title to him within a reasonable time." (Defendant J. Elmer Johnston is one of the partners in the real estate agency involved). Under new matter (to which plaintiff filed no reply), they set up the defenses of laches and the statute of frauds, Act of March 21, 1772, 1 Sm. L. 389, 33 P.S. sec. 1. Plaintiff's motion for judgment on the pleadings was granted, the lower court decreeing specific performance and ordering the defendants to convey the property to the plaintiff. These appeals followed.

Contracts for the sale of land, by virtue of the protection of the statute of frauds, must be in writing. Oral contracts ordinarily will not be specifically enforced unless the plaintiff brings himself within the

equitable doctrine of "part performance," *Haskell v. Heathcote,* 363 Pa. 184, 187, 69 A. 2d 71; or unless the defendant admits, either in his pleadings or at the trial, the existence of the contract. *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A. 2d 779. An oral contract may also be enforced by virtue of the defendant's failure to take advantage of the statute of frauds in his pleadings or failure to make any objection to the admission of evidence of the oral contract at the hearing. *Suchan v. Swope,* 357 Pa. 16, 21, 53 A. 2d 116. These exceptions are recognized because there is little likelihood that the owner is being made the victim of a fraud to obtain his land when such circumstances are present.

In his complaint, the plaintiff avers "3. On February 11, 1952, Johnston and McNary, a partnership engaged in the real estate business, being the duly authorized agents of the defendants George J. Montgomery and Eleanor C. Montgomery, and acting within the scope of their authority as such agents, entered into an agreement to sell said tract of land to the plaintiff . . . and prepared, signed, and delivered to the plaintiff a written memorandum of such agreement, which memorandum reads as follows:

'February 11, 1952.

John Lehner, Jr., D. D. S.
R.D. No. 1
Venetia, Pennsylvania.
Dear Doctor:

Mr. Johnston asked me to write to you acknowledging receipt of the sum of $60.00 which you paid him on February 11th, 1952.

This amount represents the down payment on the purchase of lot of ground owned by George J. Montgomery and Eleanor C. Montgomery, same being lo-

cated on Route 19 on a part of the farm owned by J. Elmer Johnston, et ux.

The total consideration is $2000.00, leaving a balance due of $1940.00.

> Very truly yours,
> Johnston & McNary
> (s) E. T. McNary' "

There were no direct dealings between the plaintiff and the Montgomerys, nor, is it asserted that they admitted that a contract was entered into. Instead, the plaintiff relies, and the lower court agreed, upon what he believes is a technical admission in the pleadings of the defendants concerning the *authority* of the agents to enter into the contract to sell their land. As he and the lower court interpret the answer, the authority in full was admitted by the defendants' failure to specifically deny the existence of the agency relationship. The statute unquestionably requires that the authority of an agent to enter into a conveyance or contract to sell land be in writing. *Lauffer v. Vial*, 153 Pa. Superior Ct. 342, 33 A. 2d 777. *Rosenblum v. Railroad Co.*, 162 Pa. Superior Ct. 276, 57 A. 2d 690. Assuming that in a proper case the statute of frauds can be satisfied without any written authority in an agent where the owner specifically admits the authority in his pleadings or testimony, an examination of the answer here indicates no such clear and unequivocal admission to have been made. In their answer, the defendants set forth that the agents did not enter into an agreement with the plaintiff to sell the land to him, but rather "that on February 11, 1952, Johnston and McNary, a partnership, engaged in the real estate business, and the duly authorized agents of the defendants, George J. Montgomery and Eleanor G. Montgomery, and acting within the scope of their authority as such

agent, did enter into a preliminary arrangement with the plaintiff to sell said tract of land to the plaintiff, the balance of the arrangements to be subject to certain restrictions, and limitations." They admitted the execution of the letter but set forth that it was merely a receipt and not a memorandum.

This is the sum and substance of the denial as it relates to the execution of the contract and the agents' authority. While it could have been worded differently and possibly more of the details of the agency established, this answer sufficiently denies the full agency by setting forth this limited one. It says and infers simply that the agents were authorized to and did enter into *preliminary negotiations* with the plaintiff to sell him the land, but that the matter got no further. Whether the agents had authority to continue the negotiations until final consummation of the contract does not clearly appear; undoubtedly because the defendants felt that in denying the existence of the contract and setting forth the mere preliminary negotiations in its place, they obviated the necessity of going into detail on the matter of the extent of the agents' authority. It might perhaps have been better to elaborate on the details of the agency, but the failure to do so, in view of the denials as they appear in the answer, should not have subjected the defendants to a summary judgment. It is one thing for them to admit the authority of the agents to enter into preliminary arrangements, but quite another to extend this admission to include authority to complete the contract. The doctrine of such cases as *Williams v. Moodhard,* 341 Pa. 273, 280, 19 A. 2d 101, and *Zlotziver v. Zlotziver,* supra, 355 Pa. 299, 302, 49 A. 2d 779, recognizing satisfaction of the policy of the statute of frauds when the defendants admit the contract itself cannot be extended to

include the case where the defendants merely admit that their agent entered into negotiations and perhaps reached some preliminary agreements. The purpose of the statute was to prevent the perpetration of fraud where the owner had not actually made any conveyance or agreement to sell. The best evidence of this intention is, of course, a writing signed by the owner. Of like effect are the recognized exceptions which rest on trustworthy proof indicative of a completed intention on the part of the owner to part with title. Such an intention cannot be inferred merely from an admission that an agent properly entered into preliminary arrangements. The unreliability of such an inference lies in the common experience of numerous uncompleted real estate transactions which though they get under way, often end with a parting of the ways before final consummation.

Furthermore, on the technical basis of pleading, the defendants here have specifically raised the statute of frauds as a defense under new matter, thereby putting the plaintiff on ample notice that they intended to rely upon its protection at the trial. *Martin v. Wilson*, 371 Pa. 529, 534, 92 A. 2d 193. And while it might appear inconsistent with defendants' first averment that there was *no* agreement entered into, it was permissible under Pa. R. C. P. 1020 (c) to set up the alternative defense that the agreement was oral or that the agents' authority was not in writing. *Martin v. Wilson*, supra, 534.

Where the essential facts of a plaintiff's case are clearly admitted by the defendants, who set up no additional defense, then there is warrant to enter a final judgment on the pleadings, but where the admissions are at most technical, and strained at that, the judgment is most certainly improper. Under the circum-

stances, here a summary judgment should not have been entered. While Pa. R. C. P. 1034 allows a motion for judgment on the pleadings just before trial and gives the court the power to enter any order which "is proper on the pleadings," a final judgment should not be entered unless the case is clear and free from doubt. *Vrabel v. Scholler,* 369 Pa. 235, 239, 85 A. 2d 858. Since the motion is in the nature of a demurrer, the averments in the answer and every reasonable inference arising therefrom must be accepted as true, *Cary v. Lower Merion School District,* 362 Pa. 310, 66 A. 2d 762; provided, of course, the facts are properly pleaded. In this respect though, if there is a defect in the pleading which could be cured by amendment, the judgment should not be entered without affording an opportunity to amend. *Holladay v. Fidler,* 158 Pa. Superior Ct. 100, 102, 43 A. 2d 919. If the lower court felt that defendants had not set forth sufficient details of their defense on the question of the statute of frauds, it should have first given them an opportunity to correct the technical defects and then if they failed, enter the judgment. *Philadelphia v. Pachelli,* 168 Pa. Superior Ct. 54, 60, 76 A. 2d 436. All such doubts should have been resolved against the entry of the judgment. *Murray v. Yoe,* 170 Pa. Superior Ct. 348, 349, 85 A. 2d 623.

The matter of laches, raised as an affirmative defense by the defendants here, is likewise one which must be determined on the basis of a thorough examination of the facts. Laches, unlike the statute of limitations, does not operate solely by the passage of time, *Scranton v. Manley,* 13 Pa. Superior Ct. 439, 444. *Eastman Kodak Co. v. Osenider,* 127 Pa. Superior Ct. 332, 337, 193 A. 284. Rather, it is an equitable doctrine operating where the circumstances show that the plaintiff is chargeable with a lack of due diligence in prose-

cuting his claim, the enforcement of which would not be unjust. *Fidelity & Casualty Company of New York v. Kizis,* 363 Pa. 575, 578, 70 A. 2d 227. Laches is a factual question, *Kepler v. Kepler,* 330 Pa. 441, 448, 199 A. 198; it can be determined only upon examination of all the circumstances, and generally not simply on the basis of the pleadings. *Schireson v. Shafer,* 354 Pa. 458, 463, 47 A. 2d 665. Even if it is not pleaded, but the facts at the hearing indicate that plaintiff's unreasonable delay works to prejudice the defendant, the doctrine may be applied. *Baslego v. Kruleskie,* 162 Pa. Superior Ct. 174, 178, 56 A. 2d 377. Defendants here set up laches as an affirmative defense, averring unreasonable delay caused solely by plaintiff. They allege further that because of plaintiff's breach of conditions, the property was later sold to Johnstons. The laches here seem so intertwined with the original arrangement, that it was error to deny defendants the opportunity to develop them by proof. Cf. *Stewart's Estate,* 278 Pa. 318, 320, 123 A. 287.

Clearly, the pleadings here indicate that there are numerous factual matters at issue or which can be more clearly brought to issue if the defendants are allowed to amend their answer. Even assuming arguendo that defendants have admitted that the agents were authorized to and did enter into a contract, the terms are far from lucid. The memorandum does not purport to be a final and complete statement of the contract. These facts as well as the alleged breach of conditions on plaintiff's part and the myriad other factual issues make this a case for trial. By no means is it clear and free from doubt. " 'Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy': Helfenstein v. Line Mount. Coal Co., 284 Pa. 78, 81, 130

A. 301.   Unquestionably, a full inquiry into the facts of this case is essential to a proper determination of the issues involved". *Kittaning Coal Company v. Moore,* 362 Pa. 128, 132, 66 A. 2d 273.   Especially is this true in a case where the real estate of one is to be conveyed to another without clear satisfaction of the policy behind the statute of frauds.

Decree reversed with a procedendo.