## Hummel Warehouse Co., Inc., v. Hummel Furniture Co.

*Arthur T. Gillespie* and *Theodore R. Gardner*, for plaintiff.

*Isadore Rapoport*, for defendant.

HENNINGER, P. J., March 4, 1958.—Plaintiff, owner of property at 728 North Fifteenth Street, Allentown, used as a storage house, on September 15, 1953, rented a portion thereof to defendant for use as a furniture

store. The lease contained, inter alia, the following provisions:

"Should the second party, at the termination of this lease or any renewal period thereof, vacate the demised premises, it shall have the privilege of trading under and using the name 'HUMMEL' in conjunction with any other trade name which shall indicate that the second party is engaged in the furniture business, provided it shall pay to the first party the sum of Five Hundred ($500.00) Dollars annually for each separate place of business it maintains under the name HUMMEL. The first party agrees that so long as the second party shall use the name HUMMEL, as above indicated, it will not engage directly or indirectly in the furniture business, nor rent any part of the Hummel Warehouse building, which it now owns, to any other lessee for the purpose of engaging in the furniture business, nor permit anyone else to use or trade under the name 'Hummel'. The second party also agrees that during the period of this lease, if it should establish any places of business under the name of Hummel at locations other than the demised premises herein, it will pay unto the first party the sum of Five Hundred ($500.00) Dollars annually for each such separate location. The second party furthermore agrees that its advertisements shall carry the name 'Hummel Furniture Company, 728 North 15th Street, Allentown, Pennsylvania', and shall in all instances carry the Hummel Furniture Company telephone number."

This suit is brought to recover $2,000, representing use by defendant during the years 1955 and 1956 of the name "Hummel" in "Town and Country Patio Shop, Toyland, Division of Hummel Furniture Co." on the Seventh Street extension in Whitehall Township, Lehigh County, and in the enterprise known as "Hummel Fullerton Furniture Factory" in the village of Fullerton, Whitehall Township.

Defendant filed preliminary objections all by way of demurrer: (1) Use of names no violation of the lease; (2) agreement violates Pennsylvania corporation law, and (3) no legal consideration for the provision.

Taking these in inverse order, surely the leasing of a part of its warehouse and the lending of its name to defendant was sufficient consideration for defendant's agreement to pay for the use of the name outside the leased premises.

Both parties are sui juris and if defendant chose, as a condition of leasing plaintiff's premises, to pay for the use of a corporate title bearing the name "Hummel" in other locations, there is nothing in State law to invalidate the agreement. If the agreement had been to pay for acting in *violation* of State law, a different principle would apply. This agreement, however, was merely one in which defendant agreed for a valid consideration that it would refrain from exercising one of its powers without making a stipulated payment to plaintiff.

The first objection is based upon the involved argument that, since a lease is to be interpreted strictly against the lessor and since a writing, unless ambiguous, cannot be explained orally, payment was to be made solely for the use of the word "Hummel" and not for its use in connection with any other word.

The answers to this objection are (1) that the lease provides for payment not only when the word "Hummel" is used alone but also when the word "Hummel" is used "in conjunction with any other trade name," and (2) judgment may be entered on demurrer only upon the clearest of cases. See Vrabel v. Scholler, 369 Pa. 235, 239; Lehner v. Montgomery, 180 Pa. Superior Ct. 493, 501; Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 316.

It is clear, therefore, that this is not a case for summary judgment.

Now, March 4, 1958, defendant's preliminary objections by way of demurrer are dismissed, and defendant is ordered to answer over on the merits within 20 days after service of this order upon its counsel.