## Fidelity & Casualty Company of New York, Appellant, v. Kizis et ux.

576

Argued November 18, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*M. F. McDonald*, with him *John L. McDonald* and *G. Reuling Davis*, for appellant.

*Kenneth J. English*, for appellees.

OPINION BY MR. JUSTICE DREW, January 3, 1950:

The Fidelity & Casualty Company of New York, plaintiff, seeks by this bill in equity to have dissolved an estate by entireties in a piece of real estate located at Harvey's Lake, Luzerne County, title to which is now in defendants, Andrew C. and Eva C. Kizis, husband and wife, and to impress on that property the lien of a judgment held by plaintiff against the husband alone. After a full hearing, the learned chancellor filed an adjudication and entered a decree dismissing the bill. Exceptions to the adjudication were overruled by the court en banc and from its final decree, plaintiff now appeals.

On March 12, 1942, Andrew and Eva Kizis entered into an agreement to purchase a house and lot at Harvey's Lake for $11,000, Kizis giving his personal check for $500 to seal the bargain. They then procured a loan of $8000 from one John E. Jones and gave as security a judgment note which they both signed. That money was used in obtaining a cashier's check in the

sum of $10,346.10, the balance of the purchase price less certain adjustments. The cashier's check was paid to the seller's agent on April 4, 1942, and the deed delivered to Mr. and Mrs. Kizis at that time and recorded two days later. In July of that year the loan from John Jones was paid by the Kizises when they obtained another loan for the same amount from Kizis' brother-in-law and gave him a judgment note signed by them.

At the time of those transactions, Kizis was and had been for some years, Vice President and Cashier of the Liberty National Bank of Pittston. In that capacity he was bonded by plaintiff in the sum of $75,000 and by another company for $50,000. In April, 1943, certain irregularities, for which Kizis as cashier was responsible, were discovered in the accounts of the bank, and an examination revealed a shortage in the amount of $193,350. In adjusting its claim for that amount, the bank received a total of $125,000 from plaintiff and the other surety company, and $60,725.20 from the liquidation of certain securities owned by Kizis, leaving a net balance of $7,624.80 due the bank. With the voluntary coöperation of Mrs. Kizis, $8,000 was obtained by mortgaging the Harvey's Lake property and that money was used to make final settlement with the bank on December 2, 1943. Plaintiff, to preserve its right to collect from Kizis the $75,000 which it had paid on its bond to the bank, obtained from him, on December 29, 1943, a judgment note for $75,000. On February 7, 1945, judgment was entered on the note and it is that judgment which plaintiff seeks to have declared a lien on the Harvey's Lake property.

On May 16, 1946, Mrs. Kizis sold a propery located in West Pittston which she owned in her own right and she received from that sale the net sum of $5,927.39. She spent approximately $4000 of that amount in repairing and renovating the Harvey's Lake property, that work being substantially completed early in November, 1946.

Plaintiff, which had previously taken no steps to collect its note other than entering judgment on it, then filed this suit on November 15, 1946.

Plaintiff argues that where, as here, the husband is insolvent and title to property is taken as tenants by the entireties, the burden is on the wife, in a contest with the husband's creditors, to show by clear and satisfactory evidence that she paid the consideration (*Shaver v. Mowry et al.*, 262 Pa. 381, 105 A. 505) and that she failed to carry that burden. We, of course, agree with the rule of law thus cited but at least as to $8000 of the purchase price plaintiff's own witness, John Jones, produced the necessary evidence. He testified that he loaned Mr. and Mrs. Kizis that money and received a note signed by both of them. This note was her obligation as well as her husband's and therefore as to that amount she paid consideration. It is true that the note was paid off but it was paid with funds once again borrowed by both defendants. Furthermore, the learned chancellor, President Judge VALENTINE, who gave this case great consideration, and whose findings being amply supported by the evidence must be sustained by us, concluded that plaintiff is barred by laches from securing a lien against this property in any amount. We are in full accord with that conclusion.

Laches will bar a claim whenever it appears that, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his claim and because of that laxity the assertion of that claim would be unjust: *Lutherland, Inc., et al. v. Dahlen et al.*, 357 Pa. 143, 53 A. 2d 143; *Freeman v. Lawton*, 353 Pa. 613, 46 A. 2d 205. Here, plaintiff was dealing with an admitted embezzler who had covered his embezzlement successfully for at least three years before discovery. It would be reasonable to suspect that he might have hidden his personal assets equally as well and under those circum-

stances, proper diligence dictated that a thorough investigation be made. Such an investigation would have revealed at a much earlier date the same evidence upon which plaintiff now relies.

As President Judge VALENTINE so clearly stated: "The plaintiff company stood by from December, 1943, when the note for $75,000.00 was received, until February, 1945, when they entered judgment on the note, and thereafter took no further action until November 15th, 1946, subsequent to the time that Mrs. Kizis had sold the West Pittston property and used the greater part of the money realized from the sale in improving the real estate at Harvey's Lake. Had the plaintiff taken action upon receipt of the note in 1943, or even proceeded further when the judgment was entered in 1945, Mrs. Kizis might, very properly, have refrained from selling her own real estate in May, 1946, and expending a large portion of the proceeds realized therefrom improving the Harvey's Lake property. During the period the plaintiff delayed taking action, the situation of the parties changed, and it would be manifestly unfair and improper to deprive the defendant of her interest in the Harvey's Lake property. She paid value for her interest in said property, and is not seeking to benefit from the expenditure of her husband's money, when he was insolvent.

"She is liable for the $8,000.00 borrowed, and utilized to pay a portion of the purchase price, and in addition thereto spent $4,000.00 of her own funds to place said property in the condition in which it was when the bill was filed."

Mrs. Kizis was in no way involved in or aware of her husband's misconduct. On the contrary, the bill contains no allegation that she participated in any fraud and the record discloses that throughout she acted with the utmost good faith. It would be inequitable to allow

this plaintiff, who did nothing while Mrs. Kizis made expensive improvements, to assert its claim at this late date and thereby destroy her honestly acquired interest. Accordingly the dismissal of this suit by the court below was correct.

Decree affirmed, costs to be paid by plaintiff.