Margolis et al., Appellants, *v.* Blecher et al.

Argued January 13, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Ned Stein,* for appellants.

*Horace Michener Schell,* for appellees.

OPINION BY MR. JUSTICE LINN, March 20, 1950:

This appeal is from an order granting defendant's motion for judgment of non pros for want of prosecution. The suit is in trespass for damage to personal property. There are two defendants: (1) partners trading as S. Blecher & Sons and (2) Wanda Building and Loan Association. The cause of action arose December 23, 1942. The suit was brought March 24, 1944. A statement of claim was filed March 9, 1945. The defendant partnership and the defendant building association, acting by Arnold M. Blumberg, liquidating trustee of the association, on March 23, 1945, and on March 27, 1945, respectively, obtained rules on the plaintiff to show cause why a more specific statement of claim should not be filed. These rules were returnable April 6, 1945. On the return day, the argument was continued on plaintiffs' application. Plaintiffs did not file a more specific statement

nor did they order the rules on the argument list to be disposed of by the court. It was their duty to do that: cf. *Waring Bros. v. Pa. R. R. Co.,* 176 Pa. 172, 179, 35 A. 106 (1896).

On the 27th of December, 1948, more than six years after the cause of action arose and after the suit had lain dormant more than half that time, the court, on the petition of the partnership defendant, S. Blecher & Sons, granted a rule to show cause why the action should not be non prossed. The petition alleged that the other defendant, the Wanda Building & Loan Ass'n., in the hands of the liquidating trustee, had been liquidated and dissolved and that complete distribution of its assets had been made. Among the averments were: "8. That the plaintiffs have unduly delayed the cause sued upon and have been guilty of laches in failing to file a more specific statement of claim or in having the rule to show cause why a more specific statement of claim should not be filed disposed of. 9. That your petitioners will be greatly prejudiced if now required to defend said action. 10. Petitioners aver that the delay in this cause as set forth above amounts to an abandonment of the action and that the case should be non prossed." The plaintiff filed an answer, but no essential fact is in dispute: see Rule 1029(b) and (c) Pa. R. C. P.

It is well settled that the entry of judgment of non pros for laches or want of prosecution is discretionary with the court: *Waring v. Pa. R. R. Co.,* 176 Pa. 172, 180, 35 A. 106 (1896); *Potter T. Co. v. Frank,* 298 Pa. 137, 148 A. 50 (1929); *Ulakovic v. Metropolitan Life Ins. Co.,* 339 Pa. 571, 16 A. 2d 41 (1940). The question therefore now is whether there was manifest abuse of discretion: *Wingert v. Anderson,* 309 Pa. 402, 403, 164 A. 333 (1932).

The statement of claim averred that the partnership defendant was a tenant of the building and loan association defendant, of part of certain premises in which a

fire resulted from the negligence of the partnership defendant, causing the sprinkler system in the building to operate, with resulting water damage to the property of the plaintiff. The statement avers, "9. All the aforesaid damage was due solely to the carelessness and negligence of the defendants, S. Blecher & Sons as well as the Wanda Building and Loan Asosciation."

As one of the reasons for the exercise of its discretion in entering the judgment of non pros, the court below said, "The plaintiffs were ruled to file a more specific statement four years ago but instead of proceeding with due diligence, they had the matter continued generally and have since made no effort to prosecute their claim. Aware that the Building Association, alleged to be either solely or jointly liable in the action, was in liquidation, they failed, as they could and should have done, to assert any right they may have had against it before its assets were distributed." As it is conceded that the assets of the defendant building association have been distributed by the liquidating trustees, we may not say that the court below abused its discretion in entering the non pros where the non action of the plaintiff destroyed the partnership defendant's probable right of contribution from the co-defendant.

Judgment affirmed.