## Thompson *v.* Mid-State Theatres, Inc., Appellant.

Argued November 18, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused April 10, 1961.

*Frank G. Smith,* with him *William U. Smith, Joseph P. Work,* and *Smith, Smith & Work,* for appellant.

*Glenn E. Thompson,* for appellee.

OPINION PER CURIAM, March 13, 1961:

The Chancellor correctly stated the issues—Whether plaintiff is the owner of 200 or more shares of the stock of Mid-State Theatres, Inc., and if so, whether he has lost his right to that stock by laches? The Chancellor found that in 1942 plaintiff owned and possessed 220 shares of stock of the Clearfield Amusement Company; that the company changed its name and recapitalized; that plaintiff delivered his stock to the company to have new stock certificates of Mid-State Theatres, Inc. issued and delivered to him; that no new shares were delivered to him; that he first de-

manded the new stock in 1957; concluded plaintiff was not guilty of laches; and ordered in an appropriate decree the company and its officers to issue, execute and deliver to plaintiff 200 shares of the stock of Mid-State Theatres, Inc.

The corporate records were so loosely and badly kept that they do not clearly substantiate or refute the contentions and claims of either the plaintiff or the defendants. The case was therefore and in reality decided on the oral testimony, inferences from the record and the credibility of the witnesses. This was a bitter and very unfortunate family fight and we believe no useful purpose would be served by a detailed discussion of the evidence, pro and con. It will suffice to say that there was adequate evidence to support the findings and conclusions of the Chancellor, and, although the question of laches is bothersome, we cannot say that there was an abuse of discretion or an error of law.

Decree affirmed. Each party to pay his and their respective costs.