413 A.2d 649

## In re ESTATE of Michalina MARUSHAK, Deceased.

**Appeal of Anna DOMANSKA and Halina Bojanowicz, by their substitute attorney-in-fact, Norbert A. Michalski.**

Supreme Court of Pennsylvania.

Submitted March 6, 1980.

Decided April 25, 1980.

Perry L. Reeher, New Castle, for appellant.

Kenneth E. Fox, Ellwood City, for Laddie J. Ladd.

David H. Acker, New Castle, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION

EAGEN, Chief Justice.

Michalina Marushak, a resident of Lawrence County, died intestate on July 20, 1972. Letters testamentary were is-

sued to a nephew and, on June 29, 1973, the Court of Common Pleas of Lawrence County, Orphans' Court Division, conducted an audit of the account and entered a decree of distribution awarding the estate to this nephew as sole heir.

On April 25, 1978, a petition was filed with the court by two residents of Poland, a sister and niece of the decedent, through an "attorney-in-fact" requesting a citation to show cause why the decree of distribution should not be reviewed and the nephew directed to return the assets of the estate to the court for a true and legal distribution of the estate. Preliminary objections to the petition were filed maintaining the petitioners were guilty of laches. The court sustained this position and dismissed the petition. This appeal followed.

In pertinent part, the Probate, Estate and Fiduciaries Code, 20 Pa.C.S.A. § 3521 (1975), provides:

"If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, That no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. . . . ."

■ Further, the court may in the exercise of sound discretion always direct a review of a decree of distribution of an estate if the decree were entered or induced through fraud. *Shewchuk's Estate,* 444 Pa. 249, 282 A.2d 307 (1971).

Instantly, the petition for review alleged that the nephew-administrator falsely led the court and counsel for the estate into believing that he was the only surviving heir of the decedent and also induced a foster daughter of the decedent not to divulge the existence of the appellants. Although the court recognized the seriousness of these allegations, it none-

theless applied the doctrine of laches without conducting an evidentiary hearing because the now "attorney-in-fact" for the appellants had notice of the filing of the account and the time for audit thereof before the court and failed to appear or enter any objection to the court awarding distribution to the nephew as sole heir.

The application of the equitable doctrine of laches does not depend upon the fact that a certain definite time has elapsed, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to act to another's prejudice. *Wilson v. King of Prussia Enterprises, Inc.*, 422 Pa. 128, 221 A.2d 123 (1966) and *Leedom v. Thomas*, 473 Pa. 193, 373 A.2d 1329 (1977). While the defense of laches may be raised by preliminary objections, laches should never be declared unless the existence thereof is clear on the face of the record. *Siegel v. Engstrom*, 427 Pa. 381, 235 A.2d 365 (1967).*

We conclude the court erred in not directing an evidentiary hearing on the petition since whether or not the appellants failed to exercise due diligence in asserting their claim is not clear on the record as it now stands. We note, among other things, that, while the "attorney-in-fact" for the appellants may have been derelict in not giving the court the benefit of facts in his knowledge as to the existence of the appellants until a belated hour, his specific relationship to the appellants, at the time of the audit and other crucial times, cannot be ascertained from the present record. Under the circumstances, it is difficult to say if his failure to act may be charged to the appellants.

Decree vacated, and record is remanded for further proceedings consistent with this opinion.

Each party to pay own costs.

LARSEN, J., dissents and would affirm the decree of the Court of Common Pleas.

* The doctrine of laches does not apply until after the fraud is discovered.