446 A.2d 1294

**Robert F. HANSEL, Jr., Administrator d/b/n/c/t/a of the Estate of Robert F. Hansel, Sr., Deceased, Appellant,**

v.

**Girard HANSEL and Leon Hansel, as Co-Executors under will of Stephen R. Hansel, Deceased, and Helen E. Hansel, individually.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed June 18, 1982.

Reargument Denied Sept. 17, 1982.

Petition for Allowance of Appeal Denied Dec. 17, 1982.

Joseph Colavecchi, Clearfield, for appellant.

James A. Naddeo, Clearfield, for appellees.

Before HESTER, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

This appeal concerns an action brought in equity seeking an accounting of certain partnership interests. Appellant is the son of Robert F. Hansel, Sr., deceased. In January, 1946, Robert F. Hansel, Sr. and his brother, Stephen, formed two partnerships: S. R. Hansel Coal Mining Company and S. R. Hansel Farms. A written agreement termed "Partnership Agreement" was signed by Robert and Stephen Hansel March 27, 1948. Clause (10), entitled "Termination by Death," states that upon the death of either party, the surviving partner shall have the option to purchase the deceased party's interest in the partnership. In 1961, Robert and Stephen Hansel drafted and signed an agreement termed, "Articles of Agreement—A Restatement of a Partnership Already Existing But Which Terms Were Never in Writing." The agreement provided that the profits and losses of the business shall be distributed and borne in the following proportions: S. R. Hansel, ⅔ share, and Robert Hansel, ⅓ share. Clause (17) provided that in the event of the death of one of the partners, the partnership shall continue for a period of three years and with the written consent of the widow and/or executor, for a further two year period. Clause (19) provided that the value of the

deceased partner's interest shall be determined by an audit of the books of the company as of the day of death of the deceased partner.

On August 29, 1963, Robert F. Hansel, Sr. died testate. At that time, all but one of his heirs were minor children. Girard Hansel, son of surviving partner, Stephen Hansel, and Wendell Hansel, brother of both partners, were appointed co-executors of Robert Sr.'s estate. Stephen Hansel continued to operate the partnerships until his death on March 9, 1971. Stephen's sons, Girard and Leon, were appointed co-executors of their father's estate.

No accounting of the partnerships was filed by Robert Sr.'s executors at the time of his death. Nor was an accounting filed by Stephen's executors at the time of his death. In 1974, an accounting of Robert Sr.'s estate was filed by Girard Hansel. After examining the accounting, appellant concluded that it was inaccurate and improper and that his father's affairs, as well as the business of the partnerships, had been mismanaged by the late Stephen Hansel and by Girard, Wendell[1] and Leon Hansel. In 1975, appellant filed a petition to remove Girard and Wendell as co-executors of his father's estate. Girard and Wendell were removed and appellant was appointed administrator d. b. n. c. t. a.[2]

Thereafter, on September 26, 1979, appellant filed a complaint in equity against Girard and Leon Hansel as co-executors of the estate of Stephen Hansel and against Helen Hansel, Stephen's widow, individually. In the complaint, appellant recounts one hundred and ninety-six separate financial transactions allegedly representing misuses of part-

1. The pleadings aver that Wendell Hansel who at the times relevant to these proceedings lived in Ohio, did not take an active part in the administration of the Robert F. Hansel, Sr. estate.

2. The record does not contain a copy of the petition; therefore, it is not clear upon what grounds the removal was based. Under 20 Pa.C.S.A. § 3182, a personal representative may be removed if he, inter alia, is wasting or mismanaging the estate or has failed to perform any duty imposed by law. Act of June 30, 1972, P.L. 508, No. 164, § 2, eff. July 1, 1972, 20 Pa.C.S. § 3182.

nership funds.[3]  Appellant requested the following relief: payment by defendants to appellant as administrator d. b. n. c. t. a. of his father's estate, the value of the interest of Robert Hansel, Sr. and S. R. Hansel Coal Mining Company and S. R. Hansel Farms as of the date of death of Robert Hansel, Sr., plus accrued interest; the filing by defendants of a full, complete and accurate accounting of the partnerships and the liquidation thereof from the date of Robert Sr.'s death; and the surrender by defendants of all books, records, papers and other property belonging to the partnerships.  Appellant also requested that defendants be enjoined from exercising control over any property of the partnerships and from collecting any claims due the partnerships.

Preliminary objections in the nature of a demurrer were filed on behalf of the three defendants,[4] in which it was alleged that appellant was guilty of laches in failing to file his claim within a reasonable time after the cause of action arose; and that by demanding damages in a specific monetary amount, appellant showed that he had an adequate remedy at law.

On December 16, 1975, the Court of Common Pleas of Clearfield County entered an order sustaining the defendants' demurrer on two grounds: first, that appellant's actions were barred by laches, and second, that appellant has an adequate remedy at law.  The court noted that a total of 12 years had elapsed from the time of Robert Sr.'s death, and that to demand an accounting on the part of the defendants for that period would be unduly prejudicial to them because of the fact that the principal figure and sole surviving partner, Stephen Hansel, was deceased.  Appel-

---

3. Photocopies of the cancelled checks representing each of these transactions are attached to appellant's original complaint.

4. With regard to Helen Hansel, it was alleged that the complaint failed to set forth a claim upon which relief could be granted because Helen was never a partner in the business.  In appellant's answer to the preliminary objections, he averred that Helen participated directly in the management of the partnerships with her sons and that she conspired with her sons to deprive the Robert Sr. estate of its interest in the partnerships.

lant then filed a petition for rehearing, reconsideration and clarification of the order, which was denied on September 8, 1976. Thereafter, appellant appealed both of these orders to our court,[5] which returned the case to the Court of Common Pleas after determining that the order of December 16, 1975 was not a final order.

On March 29, 1977, following argument upon a motion filed by appellant to amend his complaint, the Court of Common Pleas of Clearfield County entered an order granting appellant 20 days to amend his complaint. On April 15, 1977, appellant filed a "First Amended Complaint" in which he alleged that defendants made false representations regarding the value of the partnerships, with the intent to deceive and defraud appellant and the other beneficiaries of the Robert Hansel, Sr. estate, and that they conspired to prepare a false accounting of the S. R. Hansel Coal Mining Company. It is further alleged that appellant relied in good faith on the representations of the defendants and, as a result, refrained from demanding an accounting of the partnerships and from seeking to have Girard Hansel removed as executor of Robert Sr.'s estate. According to averment (243), appellant did not seek Girard Hansel's removal "until the fraudulent accounting was filed by Girard Hansel [in 1974]."

Preliminary objections in the nature of a demurrer were filed on behalf of the defendants to the amended complaint. In addition to alleging laches, the preliminary objections also allege that the complaint fails to set forth a claim against Girard and Leon as co-executors, and that the complaint fails to allege that appellant does not have an adequate remedy at law against Girard and Leon Hansel. It was also alleged that the complaint failed to plead the averments of fraud and misrepresentation with sufficient particularity, in violation of Pa.R.C.P. 1019.

5. The record also contains a notice of appeal to the Supreme Court of Pennsylvania from the orders of December 16, 1975 and September 8, 1976, dated September 20, 1976.

On June 20, 1978, the Court of Common Pleas entered an order upholding the preliminary objections and dismissing appellant's amended complaint. Stating that appellant alleged fraud "as the excuse for the 6 year delay," the court held that "[w]hile it is true that fraud may be a valid excuse for laches, this court is of the opinion that the allegations of fraud in the instant case are not such as to give rise to an adequate excuse for the delay here."

Specifically, the Plaintiff alleges ... that ... Helen Hansel received certain funds as a result of the fraud of others. Even if this were true, Plaintiff has not shown that the circumstances would justify such a lengthy delay in seeking an accounting.

Furthermore, the allegations of fraud against Girard Hansel are directed against him as an individual and not as a co-executor under the will of Stephen R. Hansel, the capacity in which he is sued. Certainly, Plaintiff may have a cause of action against Girard Hansel individually for a breach of his fiduciary duty as executor of the Robert F. Hansel, Sr. Estate, but such is not an issue in the above-captioned proceeding. Again, Plaintiff has not demonstrated why any such alleged fraud, even if true, would excuse the above-mentioned delay. In addition, Plaintiff has not alleged any element of fraud committed by Leon Hansel. ...

On June 30, 1978, appellant took an appeal to our court from the June 20, 1978 order. On July 25, 1979, the Superior Court entered an order reversing the lower court, on the ground that laches is an affirmative defense which cannot be raised by demurrer but must be set forth under the heading of "New Matter." 268 Pa.Super. 181, 407 A.2d 890. The case was remanded for further proceedings.

Thereafter, a petition for allocator was filed by defendants with the Supreme Court of Pennsylvania. On December 26, 1979, the Supreme Court issued an order granting the petition for allowance of appeal, reversing the Superior Court's order and remanding the case to the Court of Common Pleas of Clearfield County, "for a redetermination

of the preliminary objections raised by petitioners, including the plea of laches." 487 Pa. 196, 409 A.2d 32.

A petition for clarification of this order was then filed by defendants. Thereafter, the Supreme Court issued an order amending its December 26, 1979 order to read that "the cause is to be remanded to the Superior Court to pass upon the merits of the plea of laches." 490 Pa. 166, 415 A.2d 86.

## DISCUSSION

Application of the doctrine of laches calls for consideration of all the circumstances involved, including an examination of the entire record, in addition to the complaint. *Larrecq v. Van Orden*, 21 Pa.Cmwlth. 623, 346 A.2d 992 (1975). The question of whether laches applies is thus a factual one. *Leedom v. Thomas*, 473 Pa. 193, 373 A.2d 1329 (1977). Here, our examination of the entire record leads us to conclude that the doctrine of laches is inapplicable and cannot be used to bar appellant's suit.

Robert Hansel, Sr. died August 29, 1963. Under the Uniform Partnership Act,[6] dissolution of a partnership is the change in the relations of the partners caused by any partner ceasing to be associated in the carrying on of the business. 59 Pa.C.S. § 351. One cause of dissolution is the death of a partner. 59 Pa.C.S. § 353. Therefore, the partnership was dissolved as of August 29, 1963, and as of that date, the right to an account of Robert Sr.'s interest accrued to his legal representative(s) as against the surviving partner, Stephen Hansel. 59 Pa.C.S. § 365. However, Robert Sr.'s legal representatives, Girard and Wendell Hansel, did not seek an account of his interest at the time of his death. Stephen Hansel continued the partnership business until his death on March 9, 1971. No account of the partnership was filed until some time in 1974, three years after Stephen Hansel's death.

6. Act of December 19, 1975, P.L. 524, No. 155, § 1, 59 Pa.C.S. § 301, et seq.

■ There can be no doubt that Robert Sr.'s legal representatives owed a fiduciary duty to his estate, which included the duty to seek an account of his partnership interest as of the date of his death. A partnership interest is considered personal property, 59 Pa.C.S. § 343; and a personal representative takes title to all personal property of the decedent at the time of death. 20 P.S. § 320.103.

■ In his amended complaint, appellant alleges that he did not seek to have Girard and Wendell Hansel removed as co-executors of his father's estate "until the fraudulent accounting was filed by Girard Hansel." It seems clear from the entire record that Girard and Wendell Hansel acted negligently in the performance of their duties as personal representatives, particularly with respect to the duty to seek an accounting. If, as the facts indicate, appellant was unaware of any wrongdoing on the part of Girard and Wendell Hansel until such time as an account was finally filed in 1974, then it cannot be said that appellant slept on his rights. When appellant realized that his father's estate had been mismanaged, he quickly took action to have Girard and Wendell removed as co-executors. Once appointed administrator d. b. n. c. t. a. of his father's estate, appellant had the power to recover the assets of the estate, and stood in his predecessors' stead for all purposes. 20 Pa.C.S. § 3326.

Accordingly, as of the time of his appointment in 1975, appellant was legally entitled to seek, on behalf of himself and the other beneficiaries of the Robert Hansel, Sr. estate, an account of his father's partnership interest from Stephen Hansel's legal representatives, Girard and Leon Hansel. In that same year, 1975, appellant filed the suit *sub judice*.

As our Supreme Court stated in *Lutherland v. Dahlen*, 357 Pa. 143, 157, 53 A.2d 143, 150 (1947):

The question of "laches" in an equity suit does not depend upon the fact that a certain definite time has elapsed since the cause of action accrued, but upon whether, under the circumstances, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his claim.

In its original decision of December 16, 1975, the lower court reasoned that a total of 12 years had elapsed from the time of Robert Sr.'s death and that to demand an accounting for that period would be unduly prejudicial to Girard and Leon Hansel because of the fact that Stephen Hansel, the "principal figure," had been deceased for several years.

This reasoning is incorrect. Although it is true that 12 years elapsed between Robert Sr.'s death and the filing of the first complaint by appellant, we are convinced from a reading of the entire record that appellant cannot be charged with a lack of diligence in prosecuting his claim. *Lutherland v. Dahlen*, supra. Appellant filed his claim approximately one year after the account was finally filed in 1974. While an account should properly have been filed at the time of Robert Sr.'s death, the fact that one was not is not chargeable to appellant. It was not until 1975, upon his appointment as administrator d. b. n. c. t. a. of his father's estate, that appellant earned the right to seek an accounting. Since suit was filed that same year, it cannot be said that appellant was not diligent. We also find that appellant cannot be charged with lack of diligence in prosecuting his claim for another reason: fraud on the part of appellees. Even if appellant could have brought an action for an accounting prior to 1975, the record indicates that he was prevented from doing so due to appellees' attempts to conceal their actions with respect to the partnership assets. Concealment or deceit tolls the application of the doctrine of laches. *Miller v. Hawkins*, 416 Pa. 180, 205 A.2d 429 (1964).

With respect to prejudice, it cannot be said that appellees are unduly prejudiced because of Stephen Hansel's death. The lengthy record in this case is replete with documentary evidence showing the various transactions made by Stephen Hansel as the surviving partner; accordingly, the fact of his death is inconsequential with respect to the ability of appellees to defend themselves. It would not be an injustice here to permit the assertion of appellant's claim against appellees. *Silver v. Korr*, 392 Pa. 26, 139 A.2d 552 (1958).

■ It is well established that laches should not be declared unless the existence thereof is clear on the fact of the record. *In re Maruschak's Estate*, 488 Pa. 607, 413 A.2d 649 (1980). Here, we find that the facts and circumstances of record negate the existence of laches.

Accordingly, we hold that the lower court erred in finding otherwise and we reverse its order of June 20, 1978 upholding appellee's preliminary objections and dismissing appellant's amended complaint. We direct that appellant's Amended Complaint be reinstated and direct appellees to file an answer to said Complaint.