587 A.2d 335

**Charles E. BEECH, Appellant,**

v.

**RAGNAR BENSON, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1990.

Filed March 5, 1991.

Petition for Allowance of Appeal Granted June 7, 1991.

450

Louis R. Salamon, Pittsburgh, for appellant.

Roger C. Wiegand, Sewickley, for appellee.

Before ROWLEY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Allegheny County dismissing with prejudice the appellant's complaint in equity on the grounds of laches. The trial court's order was entered following consideration of the appellee's motion for summary judgment. We affirm.

Both parties are aware of the events which led to the instant litigation. Rather than summarizing the history of the case here, we will echo the concise statement of facts offered by the trial court.

The plaintiff [appellant] wanted fill removed from his property and the defendant [appellee] needed fill for a

construction project nearby[.]  [T]he parties agreed that the defendant would take fill from plaintiff's real estate. This was done in 1981 and in 1983 the plaintiff sued on the ground that the defendant had not properly reshaped the land after digging and excavating.  This was denied by Answer in 1983 and the deposition of Mr. Beech was taken.  Then the defendant heard nothing more of the case for over five (5) years.

Trial court opinion, at 1.  In January, 1989, five years after the appellee Ragnar Benson filed its Answer and New Matter, the appellant Beech filed his Reply and placed the case at issue.  In January, 1990, Ragnar Benson filed its motion for summary judgment.  Thereafter, the trial court dismissed Beech's complaint with prejudice.  This appeal followed.

Beech has preserved four issues for our consideration. He asks

(1) Whether a claim at law for money damages made in an action in equity can be dismissed upon application of the doctrine of laches?

(2) Whether summary judgment can be granted on a laches theory for a hiatus between the accrual of a cause of action and the date when the complaint was served if the hiatus was not inordinate, if a defendant does not prove prejudice during such hiatus or if genuine issues of material fact exist as to such prejudice?

(3) Whether summary judgment can be granted on a laches theory for inactivity in an action after that action is at issue if that inactivity is excusable, if a defendant does not prove prejudice during such period of inactivity or if genuine issues of material fact exist as to such prejudice?

(4) Whether the doctrine of laches should, as a matter of law, be applicable to inactivity in an action after the pleadings in that action are closed?

Appellant's brief, at 3.  Since Beech's issues are all intertwined, we are able to dispose of them under one theory— the doctrine of laches.  We find this Court's holding in

*Nilon Brothers Enterprises v. Lucente,* 315 Pa.Super. 343, 461 A.2d 1312 (1983) to be controlling.[1]

Before we discuss the applicability of the laches doctrine to the instant situation, we note our standard and scope and review. In *Vargo v. Hunt,* 398 Pa.Super. 600, 581 A.2d 625 (1990), this Court stated:

> A determination of whether the grant or denial of a motion for summary judgment is to be upheld requires an appellate court to decide whether the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Overly v. Kass,* 382 Pa.Super. 108, 554 A.2d 970, 971 (1989); see also *Chiricos v. Forest Lake Council Boy Scouts of America,* [391] Pa.Super. [491], 571 A.2d 474, 475 (1990). In making such a finding, we must accept as true all properly pleaded facts, as well as all reasonable inferences which might be drawn therefrom. Furthermore, we shall not disturb the trial court's ruling unless there has been an error of law or a manifest abuse of discretion. *Overly v. Kass,* supra.

*Id.* See also *Bobb v. Kraybill,* 354 Pa.Super. 361, 364, 511 A.2d 1379, 1380 (1986) ("[t]o determine the absence of a genuine issue of material fact, we must view the evidence in the light most favorable to the non-moving party and any doubts must be resolved against the entry of judgment.

---

**1.** The *Nilon* case is helpful inasmuch as it sets forth cogently the law on laches.

> Laches arises when a defendant's position or rights are so prejudiced by length of time and inexcusable delay, plus attendant facts and circumstances, that it would be an injustice to permit presently the assertion of a claim against him. [Citations omitted]. "Laches, unlike the statute of limitations, does not operate solely by the passage of time." [Citation omitted]. "The application of the equitable doctrine of laches does not depend upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice." [Citation omitted]. The rationale is that "acquiescence is presumed from delay." [Citation omitted].

*Id.* 315 Pa.Super. at 346, 461 A.2d at 1314.

[. . . .] Summary Judgment is appropriate only in those cases which are clear and free from doubt." (emphasis added)); Pa.R.Civ.P. 1035. *See Laspino v. Rizzo,* 40 Pa. Commw. 625, 630, 398 A.2d 1069, 1072 (1979) (Pa.R.Civ.P. 1501 makes applicable to actions in equity Pa.R.Civ.P. 1035). With these standards in mind, we will now address Beech's contentions.

Beech first asserts that his complaint contained a prayer for money damages. Therefore, the doctrine of laches cannot apply. After review, we reject Beech's claim, even though his statement of the law is technically correct.

■ Our research reveals that laches, a doctrine of stale demand, is purely an equitable principle and it may not be invoked as a defense in a court of law. *Transbel Inv. Co. v. Scott,* 26 A.2d 205, 344 Pa. 544 (1942). Actions in law are governed by the statute of limitations. *Id.* Although Beech seems to argue that he has set forth an action in law, we find that equitable principles were properly applied in the instant case.

Beech's complaint is entitled "Complaint in Equity." He requests relief in the nature of specific performance. He contends that he "has no adequate remedy at law and suffers immediate and irreparable harm and damage by virtue of the failure of Defendant to properly perform its duties under said License Agreement." *See* Appellant's Complaint, at para. 14. The complaint clearly rings in requests for equitable relief.[2]

The paragraph of his complaint, upon which Beech relies for support, requests

C. In the alternative, requiring Defendant to immediately finance all costs and expenses which are necessary in order: (1) for all engineering/geologic and other studies to be completed to determine the appropriate procedures

2. Even in his motion for amendment of pre-trial order, which was not filed until February 1990, Beech stated, "The above-captioned action is *an action in equity* in which Plaintiff is seeking relief, inter alia, in the nature of an Order under the terms of which Defendant is directed to enter upon Plaintiff's land to take certain physical action to stabilize same." *See id.* at para. 1 (emphasis added).

to abate all problems caused by the failure of Defendant to properly perform its duties under said License Agreement; (2) for all work to be undertaken and completed which will prevent further landslides, rock slides and erosion and sedimentation from occurring; (3) to cause the performance of all duties which Defendant was required to perform under said License Agreement. [Further, Beech requests] D. Awarding costs, expenses and counsel fees to Plaintiff. E. Granting to plaintiff damages, indemnification and other equitable relief deemed appropriate by the Court.

Appellant's Complaint, at 7–8.

■ While we appreciate that the instant case involved a request for money damages, a prayer for alternative forms of relief will not defeat an equity action. *See* 14 Standard PA Practice 2d §§ 79.2 ("[r]emedies at law and in equity may coexist and be concurrent. . . . [O]nce a party makes an election and files an action, that party cannot pursue that alternate remedy. . . ."); 79:13 (". . . it is a fundamental principle of equity jurisprudence that a court sitting in equity will not invoke its jurisdiction where there exists an adequate remedy at law. . . . It is not sufficient that a party to an equity action may have some remedy at law, the remedy at law must be an adequate one, and the mere existence of a legal remedy will not oust equitable jurisdiction."); 79:21 (discusses claims for money damages); 79:39–79:50 (discusses laches) 80:6 (discusses complaints in equity, generally); 80:27 (discusses relief requested); *James Bros. Lumber Co. v. Union Banking & Trust Co. of Dubois, Pa.,* 432 Pa. 129, 247 A.2d 587 (1968) (plaintiff's action for specific performance was dismissed for failure to prosecute the claim during a ten and one half year period, even though the case also involved a request for an accounting). In fact, "[i]t is not proper for a plaintiff to file his complaint both in equity and at law; where it is clear that the plaintiff wishes to pursue equitable remedies, the action at law will be stricken as surplusage." 14 Standard PA Practice 2d § 80:6.

Here, not only does Beech request specific performance throughout his complaint, but additionally, he requests *equitable remedies* in his claim for money damages (*see* para. C.(3), *supra.*). Despite his assertions that he would suffer irreparable harm and that he has no adequate remedy at law (*see* Complaint, filed June 2, 1982 and served on Ragnar Benson December 2, 1983), there is no indication in the pleadings that Beech ever pursued any remedial steps to reshape his land. *See* allegations at para. C.(1), (2), *supra.*

This case clearly involved the principles of equity. While we are cognizant of the many cases that hold that actions in law may continue even if an equity action is dismissed, this case does not fall within the purview of those decisions.[3] At no time was this lawsuit pursued as a

3. These cases concern the proposition that "[i]n dealing with legal rules, a court sitting in equity follows and is bound by rules of law, and does not use equitable considerations to deprive a party of his rights at law." 14 Standard PA Practice 2d § 79:2. *See Bauer v. P.A. Cutri Co. of Bradford,* 434 Pa. 305, 310, 253 A.2d 252, 255 (1969) (once the appellee asked to have a covenant-not-to-compete declared null and void, the action was at equity, "and having granted the equitable relief prayed for, the chancellor was also free to resolve other questions raised in the litigation[;]" [however], "in dealing with legal rights, a court of equity follows and is bound by rules of law."). *See Easton Theatres, Inc. v. Wells Fargo Land & Mortgage Co., Inc.,* 265 Pa.Super. 334, 350–51, 401 A.2d 1333, 1342 (1979) (issue involved alleged breach of contract and whether chancellor should have awarded monetary damages in addition to specific performance; this Court discussed the general principle that "a court of equity follows and is bound by rules of law, and does not use equitable considerations to deprive a party of his rights at law." (citations omitted)); *see also Wade v. S.J. Groves & Sons Co.,* 283 Pa.Super. 464, 470–73, 424 A.2d 902, 905–06 (1981) (action for negligence; discusses court's equitable powers once equity takes jurisdiction over a controversy). *See Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union of America,* 393 Pa. 385, 393, 143 A.2d 354, 359 (1958) ("... the filing of a complaint in trespass for damages does not oust equity of its jurisdiction, or prove that plaintiffs have a complete and adequate remedy at law."); *see also id.* at n. 8. *See Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 221 A.2d 123 (1966) (equity action was properly dismissed for laches; action for money damages was to be pursued at law where breach of contract occurred).

Again, we note that the gravamen of the instant complaint was alleged improper performance of land clearing and excavation activities on Beech's real estate. *See* Appellant's Complaint, at para. 11. Beech asserted,

breach of contract case.[4] At no time was this action brought in a court of law. Rather, Beech attempts to hang his hat on the fact that he asked for *money damages* as a form of *alternative relief* at the time his complaint was filed. He contends, therefore, that he may advance a civil action now to recover that which he failed to win in equity. This Court will not permit semantics to allow the appellant to gain through the back door what he could not accomplish through the front. What the appellant seeks is specific performance. We will not disturb the trial court's holding that "this is a case where laches of the plaintiff is so clear that the suit must be dismissed with prejudice upon this basis." Trial court opinion, at 2.

We reject Beech's second claim of error for the simple reason that his complaint was dismissed for the delay that transpired between the taking of his deposition in 1984, and the placing of the case at issue in 1989. It was not dismissed because Beech "sat on his rights" between the date of accrual of the cause of action and the date of service of the complaint. Contrary to Beech's assertion, we find that the trial court was clear in its holding that the five year period of non-activity was the reason for the entry of judgment against Beech, not the two years that transpired between the date of accrual and the date of service of the complaint.

> ... although Mr. Kreh, on behalf of Defendant, admitted that Defendant failed to perform many of the duties required of Defendant under said License Agreement and although Mr. Kreh, on behalf of Defendant, offered to pay Plaintiff the sum of $3,500.00 in order to avoid the necessity of Defendant having to return to Plaintiffs said real estate (an offer which could not then and cannot now be accepted) neither Mr. Kreh nor any other officer, agent, servant, employee or sub-contractor of Defendant has attempted to properly perform the obligations and duties of Defendant under said License Agreement despite numerous demands that such proper performance be undertaken.
>
> *Id.* At all times, Beech's requested relief was in the nature of specific performance.

**4.** To clarify, Beech did not request monetary relief, at law, to compensate for the alleged breach of the license agreement. He asked for "damages" to effect specific performance.

While Beech's third argument has some appeal at first glance, it is nevertheless misleading. The pleadings closed in this case on January 23, 1989 when Beech filed its Reply to Ragnar Benson's New Matter. (We note that Ragnar Benson's Answer and New Matter was filed December 14, 1983). On January 23, 1989, the action was placed at issue. Thus, there was no inactivity between the closing of the pleadings and the time when the matter was finally ripe for consideration. The inactivity here, for our purposes, occurred between the time Beech was deposed (1984) and the time the final pleading was filed (1989).

■ Moreover, while Beech argues that Ragnar Benson was in no way prejudiced during the periods of inactivity, we must agree with the trial court that the record reflects substantial prejudice to Ragnar Benson's rights. *See also* 14 Standard PA Practice 2d §§ 79:40, 79:42 and 79:44. While this Court is bound to view the evidence in the light most favorable to the non-moving party, we are inclined to defer to the trial court's findings here. As the trial court observed,

[t]he defendant asserts that everyone of their employees who were associated with the incident have left their employ and are unavailable and that the file cannot be located. There is no physical evidence remaining because the area has been overgrown. In these circumstances, the procrastination of the plaintiff would unduly prejudice the right of the defendant to a fair trial.

Trial court opinion, at 1–2. There is ample support in the record for the trial court's conclusion and we will not disturb its determinations. *See Easton Theatres, Inc. v. Wells Fargo Land & Mortgage Co., Inc.*, 265 Pa.Super. 334, 343–44, 401 A.2d 1333, 1338 (1979).

■ Finally, Beech argues that the doctrine of laches does not apply to inactivity in an action after the pleadings in that action are closed. This Court addressed the exact issue in *Nilon, supra,* and clearly held, "[i]n terms of the time element, a lack of due diligence in *prosecuting* one's claim—as well as a lack of due diligence in instituting

it—can activate laches." *Id.* 315 Pa.Super. at 346, 461 A.2d at 1314 (citations omitted). We find no merit in Beech's final contention.

For the foregoing reasons, we affirm the trial court's judgment.

Order affirmed.